# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

CURTIS ALEXANDER MOHAMMED,

    Plaintiff,

v.                                                  Case No. 5:19-cv-399-MCR-MJF

JASON HIMEBAUGH,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

      This prisoner civil rights case is before the court on referral from the clerk of the court. This case was opened on October 15, 2019, upon Plaintiff filing a document titled "Petition for Temporary Injunction." (Doc. 1). Plaintiff, who was then confined at Jefferson Correctional Institution, sought to "keep Mr. Himebaugh from contacting me." (*Id.* at 2). Plaintiff explained that Mr. Himebaugh was a correctional officer at Gulf Correctional Institution, and that Himebaugh threatened Plaintiff in 2017, when Plaintiff was confined there. (*Id.* at 1, 2). Plaintiff's petition for an injunction was not accompanied by the $400.00 filing fee or an application to proceed *in forma pauperis*.

On October 17, 2019, the undersigned entered an order advising Plaintiff that his "petition" was construed as a civil rights complaint for injunctive relief under 42 U.S.C. § 1983, and that the complaint must be filed on the court-approved form. (Doc. 3). *See also* N.D. Fla. Loc. R. 5.7(A) (requiring that a *pro se* complaint in a civil rights case be filed on the court form)). The undersigned also advised Plaintiff that a party filing a civil rights action simultaneously must pay the $400.00 filing fee or apply to proceed *in forma pauperis* using the court form. N.D. Fla. Loc. R. 5.3. The court mailed Plaintiff the necessary forms, and ordered him to submit the following within thirty days: (1) an amended civil rights complaint on the court form and (2) the $400.00 filing fee, or a complete application to proceed *in forma pauperis* on the court form. (Doc. 3). The undersigned also warned Plaintiff that failure to comply with the order likely would result in dismissal of this case.

Plaintiff did not comply with the order. Accordingly, on December 3, 2019, the undersigned ordered Plaintiff to show cause, within fourteen days, why this case should not be dismissed for failure to prosecute, failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*, and failure to comply with a court order. (Doc. 4). To date, Plaintiff has not complied with the October 17, 2019, order, and has not responded to the December 3, 2019, show cause order.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court.[1]

2. The clerk be directed to close this case file.

At Pensacola, Florida, this 3rd day of January, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").